**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YOUSHITA ALIZADEH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-1316-HE |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Youshita Alizadeh, an Iranian citizen, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). The matter was referred to United States Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636. On August 7, 2026, Magistrate Judge Mitchell issued a Report and Recommendation [Doc. #12], recommending the court grant the petition and order petitioner's release from custody within three business days, subject to an appropriate order of supervision. She further recommended the court order respondents to certify compliance by filing a status report within ten business days. The federal respondents have timely objected to the Report and Recommendation [Doc. #13]. Having conducted a *de novo* review in accordance with 28 U.S.C. § 636(b)(1), the court agrees habeas relief should be granted.

As explained in the Report and Recommendation, petitioner is subject to a final order of removal issued May 8, 2007. Because immigration officials were unable to effectuate his removal to Iran, they released petitioner from custody on May 19, 2008

subject to an order of supervision. He remained released on a supervision order for over 17 years, reporting to ICE as required. During this time, he held gainful employment and supported a U.S. citizen spouse. On July 2, 2025, without warning or explanation, ICE re-detained petitioner. As of February of 2026, petitioner has been placed on a third-country removal list. Petitioner was transferred to Diamondback Correctional Facility in Watonga, Oklahoma on May 14, 2026 for housing.

The magistrate judge's recommended ruling is based on two determinations. First, she determined that respondents improperly revoked petitioner's order of supervision by failing to give him notice and a prompt informal interview as required by 8 C.F.R. § 241.13(i)(3) and such regulatory defects amount to due process violations that entitle petitioner to habeas relief. Second, she determined that petitioner's continued confinement under 8 U.S.C. § 1231(a)(6) violates petitioner's due process rights and Zadvydas v. Davis, 533 U.S. 678 (2001). Specifically, she determined petitioner met his burden of showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future and that respondents failed to rebut with evidence sufficient to rebut that showing. The court concurs with these determinations. The court concludes respondents' objections are without merit. The declaration proffered to rebut petitioner's showing does not indicate any legitimate progress for removal of petitioner to a third country. *See* Momennia v. Bondi, Case No. CIV-25-1067-J, 2025 WL 3006045, at *1 (W.D. Okla. Oct. 27, 2025) (finding petitioner's showing not rebutted by the fact that the federal agencies were "working together on a third-country removal" but not "identif[ying] any countries with which any level of progress has been made toward obtaining the

country's acceptance" of petitioner). There is no indication that travel documents have been obtained to Iran or to a third country nor any identification of or communications with any third country willing to accept petitioner. The mere fact that respondents have successfully facilitated removals of Iranian citizens to Iran or to a third country is not sufficient to rebut petitioner's showing. *See* Gholestani v. United States District Court, Case No. CIV-25-1392-R, 2026 WL 1026975, at *6 (W.D. Okla. Feb. 13, 2026). Further, while respondents argue that their regulatory violations constitute harmless error and do not warrant immediate release, the court concludes otherwise. Thabata v. Blanche, Case No. CIV-26-531-J, 2026 WL 1495209, at *2 (W.D. May 28, 2026); Tran v. Blanche, Case No. 25-1357-G, 2026 WL 1181700, at *3 (W.D. Okla. Apr. 30, 2026). In sum, as recommended, the court concludes petitioner is entitled to habeas relief and immediate release, subject to an appropriate order of supervision.

Accordingly, the Report and Recommendation [Doc. #12] is **ADOPTED**. The petition for a writ of habeas corpus [Doc. #1] is **GRANTED**. Respondents are **ORDERED** to release petitioner **within three (3) business days** of the date of this order, subject to an appropriate order of supervision. Respondents are further **ORDERED** to certify compliance by filing a status report **within ten (10) business days** of the date of this order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 17th day of August, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE